IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILMA HOLLIS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 24-1870-BAH |
| AMAZON SORTATION ET AL., | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Wilma Hollis ("Plaintiff"), proceeding pro se, brought suit against Amazon Sortation ("Amazon"),[1] Sedgwick Claims Mgmt. Services, Inc. ("Sedgwick"), Concentra, and American Zurich Insurance Company on behalf of Amazon.com Services, LLC ("Zurich") (collectively "Defendants") raising numerous claims that appear to allege discrimination, harassment, negligence, and potentially a claim arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").[2]  ECF 1, at 7.  Pending before the Court is Sedgwick and Zurich's motion to dismiss, filed on December 19, 2024.  ECF 16.  Also pending is Amazon's motion to dismiss, filed on January 6, 2025.  ECF 18.  The motions include memoranda of law.[3] On December 20, 2024, the Clerk of Court mailed a "Rule 12/56 notice" to Plaintiff warning

---

[1] In its motion to accept service, Amazon.com Services, LLC notes that there is "no Amazon legal entity named 'Amazon Sortation'" ECF 12, at 1.  Amazon.com Services, LLC agreed to accept service of Plaintiff's complaint to "avoid unnecessary expense." *Id.*  The Court will refer to Amazon Sortation as Amazon throughout this opinion.

[2] Plaintiff's complaint is handwritten, and it is difficult to parse out individual claims. It is also difficult to discern what claims Plaintiff alleges against which Defendant.  As such, the Court will address all allegations assuming they are lodged against all Defendants.

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Plaintiff that if she failed to "file a timely written response [to the pending motion to dismiss filed by Sedgwick and Zurich] . . . the Court may dismiss the case or enter judgment against [her] without further opportunity to present written argument." *See* ECF 17. On January 7, 2025, after Amazon Sortation filed its motion to dismiss, the Clerk of Court mailed a second "Rule 12/56" notice to Plaintiff containing an identical warning that the failure to respond to the motion could result in dismissal.[4] ECF 19. The motions have now been pending for over six months and Plaintiff has failed to file a response.[5] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, both motions are **GRANTED**.

## I.    BACKGROUND

Plaintiff appears to allege in her handwritten complaint that she previously worked at an Amazon warehouse "sorting boxes of freight." ECF 1, at 7. She alleges that she was injured on the job because she "overstretched [her] body." *Id.* Plaintiff appears to have taken aspirin to address her pain but was unable to continue working and notified management of her injury. *Id.* She alleges that she was "diagnosed with a bulging disc" and continues to experience pain. *Id.* She claims her "manager [was] not willing to give [her] leave [and] sent her to Concentra who wished to return [her] to work [while she was still in] pain." *Id.* Plaintiff notes that she was "harassed by co-workers" but "Amazon took no action after [she] filed [a] report." *Id.* Plaintiff

---

[4] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Janice D. v. Kijakazi*, No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

[5] On March 14, 2025, Sedgwick and Zurich filed a line noting that Plaintiff failed to respond to their motion and requesting a ruling on the motion. ECF 20, at 1. Counsel for Sedgwick and Zurich certified that a copy of that line was sent to Plaintiff at the address listed on the docket. *Id.* at 2. Plaintiff did not respond to this filing.

alleges she was "denied workers['] comp[ensation] without any reason" and her "rights [were] violated." *Id.* She alleges that the "leave process" was violated and claims she suffered "discrimination" on the basis of a disability. *Id.* She also lists a series of allegations including "violation [of the] ADA, accommodation, emotional distress, negligence [, and] omissions by [her] employer that [led] to [] injury." *Id.* Plaintiff closes by alleging that "Amazon failed to have [an] employee manual and employee trainings" related to workplace harassment and failed to provide "due process" for employees who suffer workplace injuries. *Id.* She also appears to allege that she was denied the opportunity to anonymously raise her "situation" to management. *Id.*

Plaintiff filed her claim on June 27, 2024. ECF 1, at 1. Amazon, Sedgwick, and Zurich responded by filing motions to dismiss all claims against them. *See* ECFs 16 (Sedgwick and Zurich); ECF 18 (Amazon). The docket reflects that the summons was returned unexecuted as to Concentra. ECF 15.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.,* 698 F. App'x 745, 747

(4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Plaintiff brings this suit pro se, thus the Court must liberally construe her pleadings and hold them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 6:08-0231, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *aff'd*, 368 F. App'x 361 (4th Cir. 2010)).

## II. ANALYSIS

As a preliminary matter, the Court notes that Plaintiff did not respond to any arguments raised by Defendants in support of dismissal despite multiple warnings stressing the consequences of the failure to do so. The Court finds that dismissal is warranted as to all claims.

First, as to any claims alleging discrimination under the ADA or general assertions of workplace harassment, Plaintiff has failed to exhaust administrative remedies. "Modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the ADA incorporates that statute's enforcement procedures, *id.* § 12117(a), including the requirement that a plaintiff must exhaust [her] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court, *see* id. § 2000e–5(b), (f)(1)." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). As such, a plaintiff is required to exhaust administrative remedies by filing a charge

with the Equal Employment Opportunity Commission ("EEOC") or, if applicable, the appropriate state agency before filing suit under the ADA. *Id.* "The Fourth Circuit has emphasized that this requirement 'should not become a tripwire for hapless plaintiffs,' and thus courts will find the exhaustion requirement satisfied so long as the charge refers to the same basic type of discrimination and the same basic fact pattern as in the subsequent federal complaint." *Shigley v. Tydings & Rosenberg LLP*, 723 F. Supp. 3d 440, 449 (D. Md. 2024) (citing *Sydnor*, 681 F.3d at 594). However, the complete failure to raise claims before the EEOC or the applicable state agency will result in procedural default and dismissal. *Id.* at 450.

It appears from the face of the complaint that she failed file a charge with the EEOC or any Maryland state agency before filing suit as she alleges only that she "filed a report" with her employer, not the relevant federal or state agency. ECF 1, at 7. Since she failed to administratively exhaust any ADA claim or harassment allegation, these claims must be dismissed.[6]

As to allegations of error in the administration of worker's compensation, such claims "must be first brought before the Maryland Workers' Compensation Commission and appealed to a Maryland circuit court." *Jeffries v. Wal-Mart Stores E., LP*, Civ. No. GJH-15-473, 2016 WL 430479, at *4 (D. Md. Feb. 3, 2016) (citing Md. Code Ann., Lab. & Empl. §§ 9-714, 9-738). Plaintiff's allegations appear to arise out of her employment and center on the claim that she was "denied workers['] comp[ensation] without any reason." ECF 1, at 7. As such, these allegations must be brought before the relevant state agency and raised in circuit court because "this Court [is]

---

[6] "Motions to dismiss for failure to exhaust administrative remedies are governed by [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction." *Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 786 (D. Md. 2013) (quoting *Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003)). Dismissals for lack of subject matter jurisdiction are without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc., v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

without power to consider" them. *Harriston v. Target Corp.*, Civ. No. GLR-23-2795, 2025 WL 1207387, at *3 (D. Md. Apr. 25, 2025). Dismissal of these claims is required.

Plaintiff also appears to allege that Amazon was negligent in its training of employees and in implementing policies that led to Plaintiff's injury, and vaguely avers general negligence, the failure to provide an adequate "employee manual," and insufficient workplace grievance procedures. ECF 1, at 7. As to Plaintiff's theories regarding general negligence, training materials, and grievance procedures, Plaintiff has not adequately put any defendant on notice as to why she is entitled to relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, a "plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (internal citations omitted). Here, Plaintiff states only conclusory allegations as it relates to these claims. Though the Court must construe Plaintiff's pro se complaint liberally, *see Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), it cannot disregard a clear failure to allege facts setting forth a cognizable claim, *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Since Plaintiff fails to allege sufficient facts supporting these vague claims, the Court must dismiss them. *See Wynn-Bey v. Talley*, Civ. No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) ("A Court may dismiss a complaint that is 'so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

To the extent Plaintiff attempts to raise a claim alleging "negligent hiring, training, or supervision," she must allege "'(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, [training, or supervising the employee] . . . as the approximate cause of plaintiff's injuries.'" *Francis v. Maryland*, Civ. No. ELH-21-1365, 2023 WL 2456553, at \*35 (D. Md. Mar. 10, 2023) (citing *Karn v. PTS of Am., LLC*, 590 F. Supp. 3d 780, 805 (D. Md. 2022)) (alteration in *Karns*). However, "a plaintiff cannot rely on 'little more than conclusory allegations and generalizations.'" *Id.* (citing *Jarvis v. Securitas Sec. Servs. USA, Inc.*, Civ. No. 11-00654-AW, 2012 WL 527597, at \*5 (D. Md. Feb. 16, 2012)). "If the plaintiff alleges 'no facts indicating that Defendant had or should have had knowledge of its [employee's] general character or prior conduct that would require Defendant to take action,' the claim for negligent training and supervision 'fails as a matter of law.'" *Id.* (alteration in *Francis*).

Plaintiff raises conclusory allegations related to Amazon's hiring and training. She alleges no facts about what training was provided or how it was insufficient. She similarly fails to allege the incompetence of a particular employee or Amazon's constructive knowledge of such incompetence. In short, it is impossible to discern from Plaintiff's complaint *who* allegedly did *what* to Plaintiff, and similarly fails to allege *how* Plaintiff's alleged injuries resulted. Though she appears to articulate understandable frustration with the process of dealing with a workplace injury, more is required to sustain a claim alleging negligent hiring, training, or supervision.

Finally, any claim seeking compensation for "emotional distress" must also be dismissed. As Amazon correctly notes, "Maryland does not recognize an independent cause of action for 'emotional distress.'" ECF 18-1, at 9 (citing *Alban v. Fiels*, 61 A.3d 867, 876 (Md. App. 2013)).

"In Maryland, recovery may be had for emotional distress arising out of tortious conduct, as an element of damage, not as an independent tort." *Alban*, 61 A.3d at 876 (citing *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1065 (Md. 1986)).

To the extent Plaintiff seeks to recover for the intentional infliction of emotional distress, which is a cognizable tort, dismissal is also required. "Under Maryland law, the elements of a claim for intentional infliction of emotional distress are: (1) intentional or reckless conduct; (2) extreme and outrageous conduct; and (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress." *Orji v. Citadel Sec., LLC*, Civ. No. 23--2986-LKG, 2025 WL 860178, at *9 (D. Md. Mar. 19, 2025). Plaintiff has failed to allege intentional or reckless conduct and has similarly failed to articulate extreme or outrageous conduct on the part of any Defendant. Instead, Plaintiff alleges understandable distress at apparently suffering a work-related injury and frustration with the assuredly complicated process of seeking compensation and leave. While the Court is sympathetic to Plaintiff's difficult situation, she nonetheless fails to sufficiently allege the intentional infliction of emotional distress.

## III.    CONCLUSION

For the foregoing reasons, Sedgwick and Zurich's motion to dismiss, ECF 16, is **GRANTED** and Amazon's motion to dismiss, ECF 18, is also **GRANTED**. While Concentra has not moved to dismiss as it has not been served, *see* ECF 15, the analysis herein applies with equal vigor to the claims against Concentra. Plaintiff's complaint is dismissed without prejudice in its entirety and a separate implementing Order will issue.

Dated: July 10, 2025                                        /s/
                                                  Brendan A. Hurson
                                                  United States District Judge

8